878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ruben S. ABUNDIS, et al., Plaintiffs-Respondents,
v.
The UNITED STATES, Defendant-Petitioner.
 Misc. No. 240.
 United States Court of Appeals, Federal Circuit.
 March 8, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The United States petitions for permission to appeal the September 13, 1988 order of the Claims Court, certified for interlocutory appeal on January 24, 1989. Ruben S. Abundis, et al. (plaintiffs) oppose the petition.
 
 
 2
 About 576 individuals filed suit in the Claims Court alleging that they were unlawfully exempted from entitlement to overtime compensation under the Fair Labor Standards Act as a result of their agencies' adherence to a regulation promulgated by the Office of Personnel Management in 1985. The regulation was invalidated by the District of Columbia Circuit in 1987.
 
 
 3
 In July 1988, plaintiffs moved for summary judgment with respect to liability. The United States opposed the motion and also moved to dismiss on the grounds that it is immune from liability under 29 U.S.C. Sec. 259.* The Claims Court denied the United States' motion to dismiss on September 13, 1988. Three months later, the government requested certification of the order under 28 U.S.C. Sec. 1292(d)(2). On January 24, 1989, the Claims Court granted the motion.
 
 
 4
 The plaintiffs argue that the issue of liability is ripe for decision pursuant to the pending summary judgment motion. Further, plaintiffs argue that calculation of damages, although involving 576 individuals, will likely only involve mathematical calculations. Hence, per plaintiffs, granting the United States' petition would not "materially advance the termination of this litigation."
 
 
 5
 This court must makes its own determination of whether it will accept an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292. We have reviewed the papers submitted and have determined to deny the petition. In particular, we are constrained to agree with the plaintiffs that granting the petition may not materially advance the termination of the litigation.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 The United States' petition for permission to appeal is denied.
 
 
 
 *
 Section 259 provides in pertinent part:
 (a) [No] employer shall be subject to any liability or punishment for ... the failure of the employer to pay ... overtime compensation under the Fair Labor Standards Act of 1938 ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administration regulation ... of the agency of the United States specified in subsection (b) of this section.... Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, ... is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.
 The agency referred to in subsection (a) of this section shall be--
 (1) in the case of the Fair Labor Standards Act of 1938, as amended--the Administrator of the Wage and Hour Division of the Department of Labor.